TRINA A. HIGGINS, United States Attorney (#7349)
JOEY L. BLANCH, Assistant United States Attorney (#16665)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TREVOR EVA,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br><br>Case No. 22-cr-73 |

☐ The United States is not seeking detention.

☒ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

   ☒ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or

more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(A)** a serious risk the defendant will flee; **or**
☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it

retains the burden of persuasion.  The statutory presumption applies:

- ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:
    - **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
    - **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*
    - **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.
- ☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:
    - ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
    - ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
    - ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;
    - ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
    - ☒ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including,

but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:
☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.
☐ The defendant's significant family or other ties outside of the United States.
☐ The defendant's use of aliases or false documents.
☐ The defendant's prior attempts to evade law enforcement.
☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.
☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

While defendant has no previous criminal history, the weight of the evidence strongly supports the charges that defendant solicited child pornography from a 13-year-old girl, and traveled almost four hours from Wyoming to Utah to have sex with her. Fortunately,

4

unbeknownst to defendant, the "13-year-old girl" was actually undercover law enforcement.

The details of defendant's offense underscore the danger he poses to the community. Defendant is 49 years old. Between May 8 and May 20, 2022, he used a social media platform to communicate with someone he believed was a 13-year-old girl. She candidly told him that she was 13 years old, and in middle school. Defendant continued to communicate with her, acknowledging her age but stating "I'd be happy to take you out. You seem pretty cool." When asked him if her age bothered him, defendant stated "age is a number." However, he also acknowledged that he could get in trouble, stating "I hope like hell nobody is reading our conversations." He also discussed how to hide their communications from her parents.

Defendant graphically spoke to the 13-year-old girl about sex. He offered to teach her how to masturbate and wanted this lesson to occur over webcam or telephone. He discussed oral sex with her in detail. He asked about her sexual history, whether she had ever experienced an orgasm, and opined that she needed "lessons." "You just have to find a good teacher that will always be gentle with you." When asked if he knew any, defendant replied "I might [smiling emoji]. Depends on how willing you are to learn."

Defendant also asked the 13-year-old girl to take and send nude pictures, stating "you got time to take a hot selfie … you've got me wondering how you look nude now …"

On May 19, 2022, defendant asked the 13-year old girl "do you think you could get away for a weekend sometime? If you wanted to. Maybe go camping or got to a cool cabin somewhere hangout." When she replied "I probably can where would we go," defendant made plans to pick her up the very next day. He suggested that he get a room at a nice hotel in Brigham City, and asked whether they would need one bed or two. It was clear that defendant intended to engage in sexual activity with her. The 13-year-old specifically asked him "what would u really wanna do with me while we were there?" She said that she could tell he was thinking about sexual activity, and gave him the opportunity to tell her that was not his intention, stating "But you probably don't want to do anything like that with me." Instead, defendant graphically described how he wanted to perform oral sex on her. The girl again gave him an out, asking him if he really wanted to engage in sexual activity with her, and defendant again confirmed "Yeah. I want you." He also twice asked her if she just wanted to "learn" or if she wanted an "actual relationship."

Defendant discussed what lie the 13-year-old girl would tell her parents so they would not know where she was or who she was with that weekend. He asked her house address but indicated he would not go there, instead asking if there was someplace "close by" she could walk to so he could pick her up. They arranged for defendant to pick her up in a

church parking lot.

On May 20, 2022, defendant drove almost four hours from Etna, Wyoming to the church parking lot in Farmington, Utah. When he arrived in the parking lot and texted the 13-year-old "I'm here," he was arrested. Defendant was armed with a handgun on his person and two more firearms in his truck. He had with him an overnight bag, a hoodie with the tags on that appears to be gift for the 13-year-old girl, condoms, and sexual lubricant.

Defendant agreed to be interviewed and admitted that he was the one communicating with the 13-year-old girl. He admitted to traveling from Wyoming to meet her, that he had spoken to her about sex, and requested a nude photo from her. A consent search of his cellular telephone indicated that earlier that morning, defendant had conducted internet searches for age of consent for a minor and age of consent by state.

Defendant's willingness to entice a young girl into engaging in sexual activity with him, either by webcam or telephone or in person, poses a danger to the community. This danger is underscored by his willingness to drive almost four hours for the opportunity to have sex with a minor he had never met in person. There are no conditions or combination of conditions that would reasonably assure the safety of the community from the defendant.

Defendant also poses a danger of nonappearance. Defendant lives in Wyoming and has no known ties to the District of Utah.

## Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

  ☐ The victim in this matter seeks a no contact order.

☒ This matter does not involve a victim requiring notification.


DATED this 16th day of June, 2022.

*/s/ Joey L. Blanch*
Joey L. Blanch
Assistant United States Attorney